272 So.2d 870 (1973)
Richard William MACHARA and Gary John Meister, Appellants,
v.
STATE of Florida, Appellee.
Nos. 71-1002, 71-1011.
District Court of Appeal of Florida, Fourth District.
February 12, 1973.
Charles W. Musgrove, West Palm Beach, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich and Fredric J. Scott, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendants were convicted and sentenced for third degree arson and now bring this consolidated appeal. We reverse.
The state, via its witnesses and over defendants' objections, brought out the fact that the defendants were drug addicts. This constituted reversible error because it was an attack upon the character of the defendants when the defendants had not first put their character in evidence. Mann v. State, Fla. 1886, 22 Fla. 600. See also 13 Fla.Jur., Evidence, § 152 et seq. The state's excuse, an avoidance mentioned here for the first time, is that this testimony supplied the motive for the crime because as a matter of common knowledge it takes money to supply the drug habit. This is simply too remote. Powell v. State, 1937, 131 Fla. 254, 175 So. 213.
Secondly, the state likewise introduced testimony that defendants had attempted to break into a drug store, and that they had broken and entered a bakery for the purpose of destroying it with dynamite. This testimony of other crimes doesn't qualify under the rule found in Williams v. State, Fla. 1959, 110 So.2d 654, because it is not relevant with reference to a material fact in issue. Lucas v. State, Fla.App. 1971, *871 257 So.2d 261; Reyes v. State, Fla.App. 1971, 253 So.2d 907; Franklin v. State, Fla.App. 1969, 229 So.2d 892.
The judgments are reversed and the causes remanded with instructions to grant defendants a new trial.
Reversed and remanded.
WALDEN, CROSS and MAGER, JJ., concur.