453 So.2d 840 (1984)
Richard A. CIGELSKI, Appellant,
v.
STATE of Florida, Appellee.
No. AW-435.
District Court of Appeal of Florida, First District.
June 19, 1984.
Rehearing Denied August 8, 1984.
*841 David A. Davis, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
After pleading guilty to one count of burglary and one count of grand theft, appellant elected to be sentenced pursuant to the new sentencing guidelines, Fla.R. Crim.P. 3.701. Under the guidelines, the recommended sentence for both counts was twelve to thirty months in prison. Instead, the court withheld imposition of sentence and placed appellant on consecutive terms of probation; ten years for the burglary conviction to be followed by five years for the grand theft conviction. A twelve-month period of incarceration was attached as a special condition of each probationary term. Appellant challenges this disposition as a deviation from the guidelines and as being in violation of the Supreme Court decision in Villery v. Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981). We affirm.
Appellant contends that the total of 24 months' incarceration violates the holding in Villery that the period of incarceration imposed as a special condition of probation may not exceed one year. However, when, as here, two separate and consecutive terms of probation are imposed, Villery does not preclude the imposition of twelve months' incarceration as a condition of each probation.
We also reject appellant's contention that the trial court was precluded from imposing a combination of incarceration and probation totaling more than the 30 months recommended maximum sentence under the guidelines. Appellant's position rests upon an erroneous assumption that the imposed probationary terms are sentences for guideline purposes. But the dispositions in this case were expressly pursuant to § 948.01(3) which provides in part that the trial court may "stay and withhold the imposition of sentence upon defendant and shall place him upon probation ... ." (e.s.) To hold, as appellant suggests, that probation is a "sentence" controlled by the guidelines would amount to judicial repeal of a legislative enactment. This of course we will not do.
That the framers of the guidelines did not intend that probation be treated as a sentence is further supported by the fact that Rule 3.701(d)(13) provides for placing the offender on community control "upon a finding that probation is an unsuitable disposition." By providing for a special category when probation is inappropriate, the rule implicitly presumes the continued existence of probation as an alternative to sentencing.
Affirmed.
ERVIN, C.J., and BOOTH, JJ., concur.

ON REHEARING DENIED
PER CURIAM.
We find no conflict between the decision in this case and that in Broxton v. State, 453 So.2d 98 (Fla. 1st DCA 1984), as urged by motion for rehearing. We note, however, that appellant's attack upon the probationary orders in the present case was confined to the specific points stated in the opinion. Our disposition of the case does not, of course, determine other issues, if any, which may be raised with respect to the general propriety of such probationary orders. Rehearing is DENIED.
ERVIN, BOOTH and WENTWORTH, JJ., concur.