474 So.2d 289 (1985)
The STATE of Florida, Appellant,
v.
R. John McGraw, Appellee.
No. 84-1734.
District Court of Appeal of Florida, Third District.
July 9, 1985.
Rehearing Denied September 10, 1985.
Jim Smith, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., for appellant.
Phillip M. Gerson, Miami, for appellee.
*290 Before BARKDULL, NESBITT and PEARSON, JJ.
NESBITT, Judge.
The state appeals an order placing McGraw on non-reporting probation for two counts of witness tampering, a third degree felony. McGraw cross-appeals his conviction. We reverse on the appeal and affirm on the cross-appeal.
In 1983, the state charged Harry Phillips with murder. McGraw worked as an investigator for Phillips' attorney and interviewed two witnesses, Watson and Smith, who had heard Phillips make incriminating statements. It is those two interviews, conducted while the witnesses were in jail, which led to the charges of witness tampering.
Watson testified at trial that McGraw told him he should not stay in Dade County and it was best that he not get involved in the case. Watson stated that McGraw urged him to tell the prosecutor that "... I forget." Watson also testified that McGraw told him that "they would get me in prison and on the streets if I testified... ." Watson stated that he was in fear as a result of his conversation with McGraw and asked jail officials to isolate him.
Smith testified that McGraw told him it would not be in his best interest to testify against Phillips and that he should not stay in Miami if he did so. McGraw also told Smith he should get an Ouzi machine gun because he would not live long if he testified. McGraw also showed Smith's written statement to another inmate, causing circulation through the jail of the fact that Smith was going to testify and necessitating his solitary confinement.
McGraw was found guilty of two counts of witness tampering in violation of section 918.14(1), (2), Florida Statutes (1983).[1] The lower court withheld adjudication of guilt and placed McGraw on a three-year non-reporting probation.
Dealing with McGraw's cross-appeal first, we note that he urges four grounds for reversal of his conviction: (1) that the trial court erred in failing to grant a judgment of acquittal because his speech in this case did not constitute a threat under Florida law; (2) that application of section 918.14 to these facts violates his state and federal constitutional rights to freedom of speech; (3) that the trial court erred in failing to give a requested jury instruction on the definition of threat; and (4) that the lower court erred in giving two inconsistent and contradictory definitions of threat. We reject all of McGraw's contentions and affirm the convictions.
Whether a particular communication constitutes a true threat which has the probable consequence of causing reasonable apprehension in the hearer is a question of fact for the jury. United States v. Carrier, 672 F.2d 300, 304-06 (2d Cir.), cert. denied, 457 U.S. 1139, 102 S.Ct. 2972, 73 L.Ed.2d 1359 (1982); United States v. Wilson, 565 F. Supp. 1416, 1431 (S.D.N.Y. 1983); see also State v. Abu-Isba, 235 Kan. 851, 685 P.2d 856 (1984); State v. Martin, 485 A.2d 244 (Me. 1984). There was substantial, competent evidence to support a jury finding that McGraw's statements amounted to a threat. Wilson. See also *291 United States v. Kibler, 667 F.2d 452 (4th Cir.) (ample evidence to convict where defendant said "[S]nitches get hurt ... even in jail ... they get hurt, even there."), cert. denied, 456 U.S. 961, 102 S.Ct. 2037, 72 L.Ed.2d 485 (1982); Overton v. United States, 403 F.2d 444 (5th Cir.1968) (evidence sufficient to convict where the witness-victim was told he would not be able to live in Austin and walk the streets). Consequently, both McGraw's contention that he was entitled to a judgment of acquittal and his argument that section 918.14 is unconstitutional as applied must fail.[2]Wilson 565 F. Supp. at 1431.
We find that McGraw's complaints regarding the jury instructions do not require reversal. First, refusal of the requested instruction was not erroneous because the instruction did not accurately state the law in defining threat. Barwicks v. State, 82 So.2d 356 (Fla. 1955) (on petition for rehearing); Osborne v. State, 438 So.2d 1058 (Fla. 4th DCA 1983). Second, the instruction given did not contain inconsistent and contradictory definitions of threat, but simply indicated that the legal definition of threat included more elements than the common definition.
With regard to the state's appeal, McGraw argues that the order placing him on non-reporting probation is not appealable. We disagree, but for purposes of logical progression we address the state's substantive argument first and then McGraw's procedural contention.
The state contends that upon conviction of a felony, section 948.01(3) mandates a reporting probation. We agree, as have at least two of our sister courts. Lynn v. State, 398 So.2d 977 (Fla. 1st DCA), review denied, 411 So.2d 383 (Fla. 1981); Hardy v. State, 370 So.2d 822 (Fla. 2d DCA 1979); State v. Wilcox, 351 So.2d 89 (Fla. 2d DCA 1977). We reverse the order placing McGraw on a non-reporting probation and remand for resentencing.
McGraw contends that the order of probation is not an illegal sentence appealable under section 924.07(5), Florida Statutes (1983) on the theory that probation is not a sentence. State v. Gibson, 353 So.2d 670 (Fla. 2d DCA 1978); Wilcox; State v. Caivano, 304 So.2d 139 (Fla. 2d DCA 1974), cert. denied, 314 So.2d 774 (Fla. 1975).[3] We disagree. A word's definition may vary depending upon the context. While it may be necessary for some purposes to distinguish between a punitive (sentencing) and rehabilitative (probationary) disposition, see Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), such a distinction is immaterial to the question of whether the state has the right to appeal a given order. We hold that for purposes of section 924.07(5) and Florida Rule of Appellate Procedure 9.140(c)(1)(I), sentence means a dispositive order upon conviction, which includes probation.
The result we reach is supported by the inclusion of probation within the sentencing guidelines. Fla.R.Crim.P. 3.701, esp. Committee Note (d)(8), (12). In fact, the order appealed is equally reviewable under Florida Rule of Appellate Procedure 9.140(c)(1)(J) as a departure from the sentencing guidelines. Since section 948.01(3) mandates a reporting probation upon conviction of a felony, it establishes a mandatory minimum disposition when such a conviction *292 is obtained. Florida Rule of Criminal Procedure 3.701 d.9. indicates that where "the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence." Consequently, the lesser sanction of non-reporting probation was unauthorized and appealable.
Affirmed in part, reversed in part and remanded.
NOTES
[1] 918.14 Tampering with witnesses. 

(1) It is unlawful for any person, knowing that a criminal trial, an official proceeding, or an investigation by a duly constituted prosecuting authority, a law enforcement agency, a grand jury or legislative committee, or the Judicial Qualifications Commission of this state is pending, or knowing that such is about to be instituted, to endeavor or attempt to induce or otherwise cause a witness to:
(a) Testify or inform falsely; or
(b) Withhold any testimony, information, document, or thing.
(2) If any person violates the provisions of this section by the use of force, deception, threat, or offer of pecuniary benefit to induce any conduct described in subsection (1), the violation shall constitute a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. In all other cases, a violation shall constitute a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
[2] Intent to obstruct justice is an element of the crime prohibited by section 918.14(1). Deehl v. Knox, 414 So.2d 1089 (Fla. 3d DCA 1982). But cf. State v. Gray, 435 So.2d 816 (Fla. 1983) (holding that a showing of specific intent is not necessary for conviction under section 918.14(3)). Intent is also a question of fact and, being a state of mind, is often not subject to direct proof, but can only be inferred from the circumstances. Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966). There is ample evidence to support a finding that McGraw specifically intended to obstruct justice.
[3] In the cases cited, the second district, while holding that such orders are not appealable, reviewed the orders by treating the state's appeals as petitions for certiorari. This court has concluded it cannot entertain the state's application for a writ of common law certiorari. State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983). The question has been certified to the supreme court and awaits resolution.