PER CURIAM.
In State v. McGraw, 474 So.2d 289 (Fla. 3d DCA 1985), this court affirmed the defendant’s felony conviction and, on the State’s cross-appeal, held that “upon conviction of a felony, section 948.01(3) mandates a reporting probation.” Consequently, we reversed the order placing McGraw on non-reporting probation and remanded the cause for resentencing.
On remand, the trial court purported to satisfy the reporting requirement by having McGraw report twice: the very day of resentencing and on the final day of the probationary period. The trial court further announced that the three-year probationary period would run from the date of the original sentencing, July 20, 1984, thereby giving McGraw credit for the approximate fifteen months of probation that elapsed during the pendency of his appeal, notwithstanding that that probation had thus far been non-reporting. The State challenges both of these actions on this appeal.
We affirm the action of the trial court in ordering that the three-year term of probation begin to run from the date of the original sentencing and thus expire on July 20, 1987. Although McGraw was wrongfully not required to report during the pendency of his appeal, he nonetheless was subject to all other conditions of probation and the potential of having his probation revoked. Indeed, had the trial court failed to credit McGraw with the elapsed time and instead begun the three-year term from the time of resentencing upon remand, McGraw would have been made to serve approximately four years and three months of probation, an extension of the probationary period which could only be based on a finding that McGraw had violated the terms and conditions of his probation. But while we approve this particular action of the trial court, we note that the written order of the trial court states that the probationary term is to expire on July 20, 1986, despite the trial court’s clear oral pronouncements that it intended the term to be three years and no less, thus to expire July 20, 1987. We direct that the written order be corrected to reflect that the probationary term is to expire July 20, 1987.
We turn now to the so-called reporting requirements imposed by the trial court. It is readily apparent that as a matter of common understanding and uniform practice in the courts in Dade County, Florida — a practice that is incorporated in the court’s form order of probation — a probationer is required to report to his or her probation supervisor each and every month during the term of probation. There is absolutely no reason reflected in this record why this usual reporting requirement should not be imposed as a matter of course in McGraw’s case, and we direct that it be done on remand.
Affirmed in part; reversed in part, with directions to conform the written order to the trial court’s oral pronouncements and to impose a monthly reporting requirement on the defendant.