489 So.2d 213 (1986)
The STATE of Florida, Appellant,
v.
Roscoe MALONE, III, Appellee.
No. 85-548.
District Court of Appeal of Florida, Third District.
June 3, 1986.
Jim Smith, Atty. Gen., and Jacki B. Geartner, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Thomas G. Murray, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
PEARSON, DANIEL S., Judge.
Seizing upon language in Cigelski v. State, 453 So.2d 840 (Fla. 1st DCA), pet. for review denied, 459 So.2d 1039 (Fla. 1984), to the effect that probation is not a sentence controlled by the sentencing guidelines, the trial court placed the defendant on probation in the face of a guideline scoresheet that indicated a presumptive sentence of incarceration between 2 1/2 and 3 1/2 years. On appeal, the State contends that the trial court's action constitutes a "sentence outside of the guidelines" which must be, but indisputably was not, "accompanied by a written statement delineating the reasons for departure." Fla.R. Crim.P. 3.701 d.11; State v. Jackson, 478 So.2d 1054 (Fla. 1985). The defendant, content to cast his lot with Cigelski, responds that probation is not a sentence, and, therefore, not a "sentence outside of the guidelines," and thus not within the rule's requirements.
The very substantial preoccupation of this state's courts with the question of whether probation is a sentence is apparent from the number of reported cases on the subject. Like the Supreme Court of Florida, "[w]e refuse to involve ourselves with another esoteric discussion of whether an order of probation is a sentence." Cervantes v. State, 442 So.2d 176, 177 (Fla. 1983). See United States v. Kamer, 781 F.2d 1380 (9th Cir.1986) (urging that antiquated semantic distinctions between sentences and probation be set aside); Smith v. United States, 505 F.2d 893, 895 (5th Cir.1974) ("Probation is a sentence like any other sentence."); Villery v. Florida Parole and Probation Commission, 396 So.2d 1107, 1112 (Fla. 1981) (Overton, J., specially concurring). Suffice it to say that an order of probation is or is not deemed a sentence depending upon the policy to be served. E.g., compare Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981) (incarceration as condition of probation is not a sentence rendering the defendant eligible for parole consideration); Brown v. State, 463 So.2d 1230 (Fla. 1st DCA 1985) (imposition of sentence of incarceration on probation violator is not *214 double jeopardy since order placing defendant on probation in first instance was not a sentence); Addison v. State, 452 So.2d 955 (Fla.2d DCA 1984) (defendant who violated his probation after adoption of sentencing guidelines entitled to elect to be sentenced under guidelines, as order placing him on probation not a sentence), with Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1986) ("probation order which includes incarceration as a condition thereof becomes a sentence for the purpose of earning gain time"); Cervantes v. State, 442 So.2d 176 (policy reason requiring separate sentence to be imposed on each separate adjudication of guilt applies equally to orders of probation); Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981) (persons incarcerated as condition of probation or who have escaped from such incarceration at time of commission of capital felony are persons "under sentence of imprisonment" for purpose of statute allowing such status to be considered an aggravating circumstance); State v. McGraw, 474 So.2d 289 (Fla.3d DCA 1985) (invalid order of probation constitutes "illegal sentence" under Section 924.07(5), Florida Statutes, appealable by State).
The policy to be served in the present case is state-wide uniformity in sentencing through the use of guidelines. To effectuate this policy, a trial court decision to impose a sentence outside of the guidelines is made subject to appellate review. See § 921.001(5), Fla. Stat. (1983). It would be anomalous indeed, and hardly in furtherance of this policy, if we were to read the requirement that "[a]ny sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for departure," Fla.R.Crim.P. 3.701 d.11; see also § 921.001(6), Fla. Stat. (1983), as meaning that a trial court must set forth written justification for a slight departure in the form of some lesser prison term, but is exempt from this requirement where the departure, as here, is substantial but is in the form of probation. We thus conclude, as we did in another context in State v. McGraw, that a "sentence" as that term is used in Rule 3.701 d.11 means "a dispositive order upon conviction, which includes probation." 474 So.2d at 291.[1]
We have not forgotten Cigelski. The issue in Cigelski which prompted the court's statement that "probation is [not] a `sentence' controlled by the guidelines," 453 So.2d at 841, was whether a term of probation which exceeded the guideline-recommended term of incarceration was precluded. The court's statement is, we believe, perfectly appropriate in the context of its holding that the length of prison sentences recommended under the guidelines has nothing whatever to do with  does not control  the length of probation where probation is chosen as an alternative to prison. See also Francis v. State, 487 So.2d 348 (Fla.2d DCA 1986) (extent of community control is regulated by general law, not by the guidelines). The statement is, however, not even arguably pertinent to the question presented here, that is, whether a trial court must justify in writing its reasons for placing a defendant on probation where the sentence recommended by the guidelines is a term of incarceration. Therefore, for the reasons discussed, we hold that an order of probation is a sentence like any other where it departs from the recommended guidelines sentence, and the departure, like any other, must be accompanied by a written statement delineating the reasons for the departure. Fla.R.Crim.P. 3.701 d.11.
Reversed and remanded with directions that the trial court provide a written statement delineating its reasons for the departure or resentence the defendant within the guidelines. If the State believes the trial *215 court's written statement does not justify the departure, it may institute a new appeal challenging the sentence.
NOTES
[1] Curiously, the defendant has not moved to dismiss the State's appeal on the ground that its right of appeal lies only from "[a] sentence imposed outside the range recommended by the guidelines authorized by s. 921.001." § 924.07(9), Fla. Stat. (1985). Since the matter is one of jurisdiction, we, sua sponte, have considered it, and conclude that "a sentence" as used in Section 924.07(9) includes an order of probation even as "[t]he sentence" as used in Section 924.07(5) includes probation. See State v. McGraw, 474 So.2d 289.