508 So.2d 1265 (1987)
Ernest Jack TAYLOR, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BN-286.
District Court of Appeal of Florida, First District.
May 27, 1987.
Rehearing Denied July 16, 1987.
*1266 Ronald W. Johnson, of Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for appellant.
Jim Smith, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., for appellee.
BARFIELD, Judge.
Ernest Jack Taylor, Jr. appeals his conviction for tampering with a witness. He asserts ten erroneous judicial acts, six of which we find to be without merit. The remaining four address two discrete issues warranting discussion and reversal for a new trial.
Part of the state's evidence consisted of tape recorded conversations involving the defendant. The original tapes were admitted into evidence. During the trial, over defendant's objection, the complete transcripts of the taped conversations were displayed by means of an overhead projector and screen, while the jury listened to the tape recordings. The state's authority for such a tactic is Golden v. State, 429 So.2d 45 (Fla. 1st DCA 1983).
This is becoming a familiar theme based upon an improper application of Golden, which partly derives from the absence of a full accounting in the Golden opinion of what appears in the record. Unfortunately, that opinion omits that part of the record wherein the trial judge stopped the use of the overhead projection shortly after its commencement because it was readily apparent that the projection was becoming the focal point of the jurors' attention. All Golden holds is that a momentary visual display of transcript fragments did not overemphasize the evidence otherwise to be understood in the context of the recorded conversation. The Golden decision must be limited to its facts and not be used as authority to present to the jury a transcript of a tape recording by any means when the original tape is in evidence, absent the consent of the defendant.
I condemn this practice and suggest it not be used upon retrial of this case.
The charge of tampering with a witness arose during pretrial investigation of charges against appellant for battery and indecent exposure of sexual organs. Appellant was tried and acquitted of these charges. In the trial now under review, the state was permitted, over objections, to place in evidence a copy of the information charging battery and indecent exposure, and the court allowed a deputy sheriff to testify that appellant had been arrested for those charges. In addition to the introduction of the inflammatory evidence, the trial court permitted the state, over objection, to highlight the former charges in opening statement and closing argument. The court prohibited appellant from introducing evidence that he had been acquitted of the charges.
The appellant contends that the introduction of this evidence within the context of this case was for the purpose of *1267 character assassination, was inflammatory and was not relevant to any element of the crime of offering pecuniary reward to a witness. We agree and reverse for a new trial. The fact that appellant was charged with a crime is an essential element of the state's case. Fischer v. State, 429 So.2d 1309 (Fla. 1st DCA 1983). However, the nature of the charges is not essential in this case. Machara v. State, 272 So.2d 870 (Fla. 4th DCA), cert. den., 277 So.2d 535 (1973).
Accusations of sexually deviant behavior are inherently denigrating. Sias v. State, 416 So.2d 1213 (Fla. 3d DCA), rev. den., 424 So.2d 763 (1982). The charge of such conduct, unanswered, cannot be said to have produced no harmful or prejudicial effect on the jury toward appellant. In the prosecution of cases such as this one, the evidentiary relevance of the specific criminal charges must be weighed against their prejudicial effect. While the general fact that appellant was charged with a crime is relevant to appellant's motive in tampering with a witness, any relevance of the specific criminal allegations of sexually deviant behavior is far outweighed by its prejudical effect. It would be a closer question on whether the trial judge abused his discretion in allowing the evidence if he had permitted the appellant to inform the jury of his acquittal. We would view that ruling as within the discretion of the trial judge. The propriety of carefully orchestrating and controlling the context in which evidence of prior misconduct is admitted is discussed in Jackson v. State, 498 So.2d 406, 410 (Fla. 1986).
The conviction is REVERSED and the case REMANDED for a new trial.
SMITH, J., concurs in part, and dissents in part, with written opinion.
JOANOS, J., dissents with written opinion.
SMITH, Judge, concurring in part, and dissenting in part.
I concur in reversal and in that part of Judge Barfield's opinion dealing with the error in the trial court's refusal to allow the defendant to present evidence of his acquittal on the collateral charges of battery and indecent exposure.
As to the use of the overhead projector and screen to augment the jury's consideration of a tape recording, I would not agree with Judge Barfield's sweeping condemnation of the use of a transcript of a tape recording in evidence absent consent of the defendant. As to the manner in which a transcript is displayed to the jury, I agree with Judge Joanos' view that this court's decision in Golden speaks contrary to the views expressed by Judge Barfield. We are not at liberty, it seems to me, to in effect nullify the express holdings of a prior decision based upon our own assessment of how the controlling facts of record should have been viewed by a prior panel. I think the issue is whether reversible error has been shown. I believe Golden contains ample warning as to safeguards and limitations which must be observed in the use of visually displayed evidence, and I would not reverse on this issue absent a showing of abuse of discretion and prejudice sufficient to impair the fairness of the trial.
JOANOS, Judge, dissenting.
I respectfully dissent. In Golden v. State, 429 So.2d 45, 50 (Fla. 1st DCA 1983), this Court held that the visual display of a tape recording transcript while the jury listens to the recording, did not improperly displace or augment the primary evidentiary material, the tape recording. That opinion approved the visual display as an aid-to-understanding so long as the tape accurately recorded the conversation and the transcript accurately reproduced the tape. While the case before us deals with complete transcripts rather than portions utilized in the Golden case, I would nevertheless affirm so long as the displayed transcript is accurate.
I would also affirm the trial judge's allowance of evidence of charges facing appellant at the time he allegedly committed the acts for which he was tried on the charge of tampering with a witness. That evidence was material for the jury to know the nature of the offense and the overall *1268 circumstances involved in the tampering case. Cf. Fischer v. State, 429 So.2d 1309, 1310 (Fla. 1st DCA 1983). Further, I would affirm the trial judge's determination that the outcome of those earlier charges is not relevant in the tampering case.