622 So.2d 92 (1993)
Garland Frederick GILL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02107.
District Court of Appeal of Florida, Second District.
July 23, 1993.
Glen L. Brock, Lakeland, for appellant.
*93 Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant, Garland Frederick Gill, challenges his convictions for seven counts of witness tampering. He contends the trial court erred in failing to grant his motions for directed verdict and mistrial. Since we agree that Gill's motion for a directed verdict should have been granted, it is unnecessary to consider whether there were grounds for mistrial.
On October 17, 1991, officers of the Polk County Sheriff's Department went to Gilly's Blue Lagoon, a business owned by Gill, with warrants to arrest several female employees for the offense of lewd dancing. Upon learning from the officers that his employees were being arrested, Gill, who was present at the time, asked for permission to call an attorney on behalf of the dancers. Gill was granted permission to do so and, thus, went to the telephone and made a call.
At the time Gill was making his telephone call, none of the arrested dancers had yet been advised of their Miranda rights. Nonetheless, some of the officers on the scene were already questioning the dancers. As Gill concluded his telephone call with the attorney, he observed that questioning was taking place and, according to varying accounts, stated something to the effect of "Hey girls, you keep talking like that and you will rot in jail," or "If you say something else, you'll rot in jail," or "Hey all you girls, don't say anything because if you do you'll sit there and rot." In response, the dancers became quiet. Thereupon, Gill was arrested and charged with seven counts of witness tampering in violation of section 914.22, Florida Statutes (1991).
At trial, the arresting officers readily acknowledged that, at the time this incident occurred, Gill had advised the dancers he was calling an attorney for them. The officers also acknowledged that interrogation of the dancers had begun before Miranda warnings were given and that Gill made the statement at issue while he was, presumably, on the phone with an attorney and upon realizing that the dancers were being interrogated.
On cross-examination, one deputy who was present at the scene testified that, when he heard Gill's statement, he did not perceive it as a threat, but, rather, as someone telling others what their rights were. Another officer, however, stated that she felt that Gill's statement was that of "a pimp telling a prostitute don't talk." Thereafter, a jury found Gill guilty of all seven counts of witness tampering. After he was adjudicated guilty and sentenced, Gill filed a timely notice of appeal.
The information in the instant case tracks section 914.22(1)(e) almost verbatim. Section 914.22(1)(e) provides:
(1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:
... .
(e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense ... is guilty of a felony of the third degree.
To establish a violation of section 914.22(1)(e), the state must prove that the accused specifically intended to hinder, delay, or prevent the communication of information regarding a crime to a law enforcement officer. Section 914.22(1)(e); Overton v. United States, 403 F.2d 444 (5th Cir.1968); United States v. Wilson, 565 F. Supp. 1416 (S.D.N.Y. 1983); State v. Atkinson, 490 So.2d 1363 (Fla. 5th DCA 1986); State v. McGraw, 474 So.2d 289 (Fla. 3d DCA 1983). Whether an accused possesses the requisite intent is a question of fact for a jury. State v. McGraw, 474 So.2d at 291, citing Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966). See also State v. Alexander, 406 So.2d 1192 (Fla. 4th DCA 1981). Whether a statement or other communication *94 constitutes "a true threat which has the probable consequence of causing reasonable apprehension in the hearer is [also] a question of fact for [a] jury." United States v. Wilson; State v. McGraw, and cases cited therein.
In most cases, witness tampering is established by the testimony of an individual who has actually been threatened, intimidated, or bribed by an accused. Overton; Wilson; United States v. Kibler, 667 F.2d 452 (4th Cir.1982); Atkinson; McGraw; Jones v. State, 466 So.2d 293 (Fla. 3d DCA 1985). Further, it is usually established that the accused, i.e., the person issuing the threat, is, himself, the defendant or suspect in a separate criminal prosecution or investigation or, otherwise, has a friend, relative, or client who is. Overton; Wilson; Kibler; Taylor v. State, 508 So.2d 1265 (Fla. 1st DCA 1987); Atkinson; McGraw; Jones. Moreover, the person receiving the threat is usually scheduled to testify against the accused in the separate criminal prosecution and the accused is usually shown to have been aware of that fact at the time he issued the subject threat. Id.
In the instant case, there was no testimony from those who were allegedly threatened indicating that they were, indeed, threatened by Gill or that they were otherwise intimidated by his words. There was further no evidence that Gill was the subject of a criminal prosecution or investigation or that he was engaged in illegal activity of any kind. In fact, there was no evidence whatsoever of Gill's motivation for threatening the so-called witnesses herein. See Taylor v. State (wherein the fact that the appellant was charged with a separate criminal offense was an essential element of the state's witness-tampering case). Expressed another way, there was no evidence as to what incriminating information Gill intended to hinder, delay, or prevent the communication of.
While we acknowledge that questions of intent and whether a statement constitutes a threat are matters for a jury, we find there is no competent evidence in this record from which a jury could have concluded that Gill was guilty of witness tampering. The only evidence upon which the jury's verdict here could have been based was the testimony of the female officer, who stated that Gill's statement sounded to her like a threat from a pimp. Since the trial court specifically found that that testimony was improper and thus sustained Gill's objection thereto, there was insufficient evidence to send to the jury for a determination. For that reason, Gill's motion for a directed verdict should have been granted.
Accordingly, Gill's convictions for seven counts of witness tampering are hereby reversed, and we order that he be discharged on these charges.
RYDER, A.C.J., and PATTERSON, J., concur.