# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2517
Lower Tribunal No. 14-9109
_____

**The State of Florida,**
Appellant,

vs.

**Milot Richard,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Edward Newman, Judge.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Before SHEPHERD, EMAS and LOGUE, JJ.

EMAS, J.

## INTRODUCTION

The State of Florida appeals from a county court order that refused to assess a civil penalty, mandated by the express terms of section 796.07(6), Florida Statutes (2014), upon a determination that that statutory provision was unconstitutional. The State contends the trial court's refusal to impose the mandatory penalty renders the sentence illegal, and further contends that the statute is constitutional. Appellee contends the State does not have the statutory authority to appeal the trial court's order and that we should dismiss this appeal. For the reasons explained below, we hold that the State has the authority, under section 924.07(5), Florida Statutes (2014), to appeal the sentence as illegal. We further hold that the trial court erred in raising and adjudicating the constitutional issue *sua sponte*, and vacate the order declaring section 796.07(6) unconstitutional.

## FACTS

The relevant facts below are straightforward and not in dispute:

Milot Richard ("Richard") was arrested and charged with one count of soliciting prostitution in violation of section 796.07(2)(f), Florida Statutes (2014), after he offered to pay an undercover police officer for oral sex. Richard, who was represented by a public defender, negotiated a plea with the State, which was approved by the court. Pursuant to the terms of the plea agreement, Richard would plead no contest to the charge of soliciting prostitution, and in exchange, the court

would withhold adjudication, and place Richard on six months' probation, during which he would complete 75 hours of community service. As part of the negotiated plea, Richard agreed to pay the $5000 mandatory civil penalty required by section 796.07(6). Prior to formal entry of the plea, defense counsel asked if the trial court would place Richard on a payment plan for the $5000 civil penalty, and the court agreed to do so.

The court then pronounced the sentence of six months' probation, including the condition of community service hours and payment of court costs. But as to the previously agreed upon $5000 mandatory civil penalty, the following exchange took place:

> Judge Newman: Wait a second. Within my purview is to consider statutes that are unconstitutional on grounds that they are irrational. Am I hearing that?[1]
>
> Defense: Yes, your Honor.
>
> Judge Newman: I am finding the statute is unconstitutional. State you can appeal on it if you like.
>
> State: That's over the State's [objection] Your Honor. We will be asking for a [written] order.
>
> Judge Newman: Okay.

---

[1] The trial court was not actually "hearing that," as this issue was never raised by any party, but instead was raised for the first time by the court as described in the above-quoted excerpt.

Defense: And Your Honor for the record I think that Your Honor will agree that there is just no reasonable way that in Mr. Richards circumstances he can ever pay a $5000 fine.

The court then refused to impose the $5000 civil penalty, despite the State's argument that the penalty is civil in nature, is mandatory, and was created by the Legislature for the purpose of discouraging prostitution activities and funding drug programs and foster care services. The final judgment imposing sentence indicates that the trial court "waived" the $5000 mandatory civil penalty. The trial court entered a separate written order which provided:

> Defendant raises a constitutional issue regarding the statutory fine for solicitation of a prostitute under F.S. 796.07(2)(f). The fine is $5000. The evidence shows def. earns approximately $10,000 per year and has a wife and child to support and rent payments. He is the sole bread winner. The concern is that there is no reasonable way for the def. to pay this fine and the statute makes no provision for judicial adjustment under the circumstances. According [sic], the court finds the ref. statute irrational and in that part unconstitutional.

The State initially appealed to the circuit court appellate division. However, because the county court order declared a state statute unconstitutional, the State filed a motion to transfer the appeal to the Third District Court of Appeal. See § 26.012, Fla. Stat. (2014) (providing that circuit courts shall have jurisdiction of appeals from county courts except appeals of county court orders or judgments

4

declaring invalid a state statute); Fla. R. App. P. 9.030(b)(1)(A) (providing that district courts shall have jurisdiction to review, by appeal, final orders of trial courts not directly reviewable by a circuit court, including county court final orders declaring invalid a state statue). The circuit court appellate division granted the motion and transferred the appeal to this court.

Richard contends that the State does not have authority to appeal the order.

## ANALYSIS

We recognize that the trial court's refusal to impose the civil penalty (and the determination that the statute was unconstitutional) came by way of a final order. The State's authority to appeal a final order in a criminal case is prescribed by statute. State v. Pettis, 520 So. 2d 250 (Fla. 1988). In the absence of a statutory provision authorizing appeal, the State is without authority to seek direct appeal of this final order.[2] "The State's right to appeal in a criminal case must be 'expressly conferred by statute.'" Exposito v. State, 891 So. 2d 525, 527 (Fla. 2004) (quoting Ramos v. State, 505 So. 2d 418, 421 (Fla. 1987)). The State contends that its authority to appeal the final order below is found in section 924.07(1)(e), Florida Statutes (2014), which provides:

---

[2] By contrast, and under limited circumstances, the State may seek certiorari review of a *nonfinal* order where the State's ability to present its case is significantly impaired. See State v. Pettis, 520 So. 2d 250, 252-53 (1988). However, the State may not seek certiorari review of a final order where there is no existing statutory right to appeal. LaFave v. State, 149 So. 3d 662 (Fla. 2014).

(1) The state may appeal from:

(a) An order dismissing an indictment or information or any count thereof or dismissing an affidavit charging the commission of a criminal offense, the violation of probation, the violation of community control, or the violation of any supervised correctional release.

(b) An order granting a new trial.

(c) An order arresting judgment.

(d) A ruling on a question of law when the defendant is convicted and appeals from the judgment. Once the state's cross-appeal is instituted, the appellate court shall review and rule upon the question raised by the state regardless of the disposition of the defendant's appeal.

(e) <u>The sentence, on the ground that it is illegal.</u>

(f) A judgment discharging a prisoner on habeas corpus.

(g) An order adjudicating a defendant insane under the Florida Rules of Criminal Procedure.

(h) All other pretrial orders, except that it may not take more than one appeal under this subsection in any case.

(i) A sentence imposed below the lowest permissible sentence established by the Criminal Punishment Code under chapter 921.

(j) A ruling granting a motion for judgment of acquittal after a jury verdict.

(k) An order denying restitution under s. 775.089.

(l) An order or ruling suppressing evidence or evidence in limine at trial.

(m) An order withholding adjudication of guilt in violation of s. 775.08435.

(Emphasis added).

The initial question then, is whether a mandatory civil penalty, contained within the same section of a criminal statute, is considered a part of the "sentence" within the meaning of section 924.07(1)(e), such that the State can appeal, as an illegal sentence, the trial court's failure to impose this mandatory penalty.

## 1. Is the mandatory $5000 civil penalty contained in section 796.07(6) a part of the "sentence"?

Richard argues that the mandatory $5000 penalty cannot be considered a part of the "sentence" (and therefore cannot be appealed by the State as an illegal sentence) because it is expressly declared by the legislature to be a "civil penalty." Richard further contends that the $5000 penalty is not part of the criminal punishment for violating the prostitution statute; rather, the money is to be utilized for remedial purposes as set forth in that subsection:

> A person who violates paragraph (2)(f) [soliciting prostitution] shall be assessed a civil penalty of $5,000 if the violation results in any judicial disposition other than acquittal or dismissal. Of the proceeds from each penalty assessed under this subsection, the first $500 shall be paid to the circuit court administrator for the sole purpose of paying the administrative costs of treatment-based drug court programs provided under s. 397.334. The remainder of the penalty assessed shall be deposited in the Operations and Maintenance Trust Fund of the Department of Children and Families for the sole purpose of funding safe houses and safe foster homes as provided in s. 409.1678.

§ 796.07(6), Fla. Stat (2014).

Although we agree that the required payment of $5000 is indeed a civil penalty, and its stated purpose is remedial, it may still be considered a part of the criminal sentence. Richard misapprehends the issue presented: the question is not whether the $5000 penalty is "punishment," or even whether the $5000 penalty should be considered "civil" or "criminal." The rather different question is

7

whether this $5000 mandatory penalty—regardless of its characterization as criminal or civil, punitive or remedial—may properly be considered a part of the "sentence" imposed in this criminal case, such that the State is entitled to appeal it as an illegal sentence. Given that the mandatory penalty of subsection 796.07(6) is contained within section 796.07—which prohibits prostitution and related crimes, and provides both civil and criminal punishment ranging from mandatory imprisonment[3] and fines to vehicle impoundment[4], civil penalties, community service hours, and attendance at educational programs[5]—we conclude that the $5000 civil penalty is part and parcel of the criminal "sentence." Stated another

[3] See § 796.07(5)(c) (providing that a person convicted of a second or subsequent violation of paragraph (2)(f) shall be sentenced to a minimum mandatory period of incarceration of 10 days). See generally §§ 796.07(4)-(5) (providing that violations of the section are punishable as crimes ranging from second- and third-degree felonies to first- and second-degree misdemeanors).

[4] See § 796.07(5)(d)1. (providing that, if a person uses a vehicle in the course of soliciting prostitution, the court may order the impoundment or immobilization of the vehicle for a period of up to 60 days).

[5] Section 796.07(5)(b) provides:
> In addition to any other penalty imposed, the court shall order a person convicted of a violation of paragraph (2)(f) [soliciting prostitution] to:
> 1. Perform 100 hours of community service; and
> 2. Pay for and attend an educational program about the negative effects of prostitution and human trafficking, such as a sexual violence prevention education program, if such program exists in the judicial circuit in which the offender is sentenced.

8

way, we consider the $5000 mandatory penalty in this case to be part of "the dispositive order upon conviction." State v. McGraw, 474 So. 2d 289 (Fla. 3d DCA 1985).

In McGraw, the defendant was found guilty, following a trial, of felony witness tampering. The court withheld adjudication and placed defendant on three years of non-reporting probation. The State appealed this as an illegal sentence, contending section 948.01(3), Florida Statutes (1983), mandates reporting probation upon conviction of a felony.[6] McGraw argued that, because probation is not a "sentence," the State did not have the right to appeal under section 924.07. We held to the contrary:

---

[6] "Conviction" in this context includes a withhold of adjudication following a finding of guilt. At that time, section 948.01(3) provided in pertinent part:

> If it appears to the court. . . that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that that defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and in either case, it shall stay and withhold the imposition of sentence upon such defendant <u>and shall place him upon probation under the supervision and control of the department for the duration of such probation. The department shall thereupon and thereafter, during the continuance of such probation, have the supervision and control of the defendant.</u>

(Emphasis added).

9

McGraw contends that the order of probation is not an illegal sentence appealable under section 924.07(5), Florida Statutes (1983) on the theory that probation is not a sentence. We disagree. A word's definition may vary depending upon the context. While it may be necessary for some purposes to distinguish between a punitive (sentencing) and rehabilitative (probationary) disposition, see Villery v. Florida Parole and Probation Commission, 396 So. 2d 1107 (Fla.1981), such a distinction is immaterial to the question of whether the state has the right to appeal a given order. We hold that for purposes of section 924.07(5) and Florida Rule of Appellate Procedure 9.140(c)(1)(I), sentence means a dispositive order upon conviction, which includes probation.

McGraw, 474 So. 2d at 291 (other internal citations omitted).

As we did in McGraw, we hold that the civil penalty, which is expressly included within section 796.07 as part of the mandatory sanctions a trial court must impose upon a defendant who solicits another to commit prostitution, is a part of the defendant's "sentence" for purposes of section 924.07(5), and the State therefore has the authority to appeal, as an illegal sentence, the trial court's failure to impose this mandatory penalty.

**2.     Did the trial court err in declaring section 796.07(6) unconstitutional?**

Having determined that the State has the right to appeal the trial court's order, which failed to include the mandatory $5000 civil penalty, we next address whether the trial court erred in declaring the statute unconstitutional.

10

Richard has candidly and properly conceded that the trial court erred in the manner in which it proceeded. We agree. The statute's constitutionality was never raised by either party. Indeed, the State and Richard had negotiated a plea which included imposition of the $5000 mandatory civil penalty, and at no time did Richard object to, or voice any constitutional concern regarding, this civil penalty. Only after the court approved the negotiated plea (which included the mandatory penalty) and was in the process of orally imposing the sentence, did the court, *sua sponte*, interject the constitutional issue into the case. The court erred in so doing. "It is not a part of the judicial responsibility to undertake to invalidate [a statute] unless the parties to the cause raise the question and assault the statute because of organic weaknesses." Mott v. Cochran, 117 So. 2d 408, 409 (Fla. 1960). "It is a well established principle that the courts will not declare an act of the legislature unconstitutional unless its constitutionality is challenged directly by one who demonstrates that he is, or assuredly will be, affected adversely by it. . . . Courts should not voluntarily pass upon constitutional questions which are not raised by the pleadings." Henderson v. Antonacci, 62 So. 2d 5, 7 (Fla. 1952) (internal citations omitted).

The parties had already successfully negotiated a plea to resolve the case, and the trial court had already approved the negotiated plea, the terms of which included imposition of the mandatory civil penalty. Thus, the parties and the court

11

had, for all intents and purposes, disposed of the case. "It is a fundamental principle that the Courts will not pass upon the validity of a statute where the case before them may be disposed of upon any other ground." Williston Highlands Dev. Corp. v. Hogue, 277 So. 2d 260, 261 (Fla. 1973) (citing Mounier v. State, 178 So. 2d 714 (Fla. 1965)). Under these circumstances, it was "not only unnecessary, but improper for a court to pass upon the constitutionality of an act, the constitutionality of which is not challenged. . . ." State v. Turner, 224 So. 2d 290, 291 (Fla. 1969).

Given that the assertion of unconstitutionality (and the merits thereof) was never raised or argued by the parties below[7], we conclude it unnecessary to determine the merits of such a claim in this appeal.[8] The appropriate remedy, given the procedural context in which the issue has reached us, is simply to vacate, as erroneously rendered, the trial court's order declaring the statute unconstitutional.[9]

**CONCLUSION**

---

[7] Even on appeal, Richard does not contend that the statute was unconstitutional; the solitary argument raised in his answer brief addressed the State's authority to appeal the trial court's failure to impose the mandatory civil penalty.

[8] In fact, it is not altogether clear upon what legal basis the trial court relied in concluding that the statute was constitutionally infirm, underscoring our reluctance to address the merits of the constitutional question.

[9] We note in passing that our sister court upheld the constitutionality of this statute provision, as against an Eighth Amendment challenge, in its recent decision in State v. Jones, 180 So. 3d 1085 (Fla. 4th DCA 2015).

We hold that the State has the statutory authority to appeal, as an illegal sentence, the trial court's failure to impose the mandatory civil penalty provided in section 796.07(6). We further hold that the trial court erred in raising and adjudicating the constitutional issue *sua sponte*, reverse the judgment and sentence and vacate the order declaring the statute unconstitutional. We remand this cause to the county court for rendition of an amended final judgment and sentence that imposes the civil penalty mandated by section 796.07(6).

Reversed and remanded with instructions.