PER CURIAM.
Appellant Richard Bourne appeals from the trial court’s order revoking his probation, arguing that because the evidence was insufficient to support the findings of violations and because some of the offenses for which the trial court found appellant in violation were not alleged in the charging affidavit, the revocation of his probation should be reversed. While we agree that the trial court erred in some respects, there were sufficient remaining grounds upon which to revoke appellant’s probation. We, therefore, affirm the revocation of appellant’s probation, and remand for modification of the trial court’s order revoking appellant’s probation in light of the errors discussed below.

Offenses not Alleged in the Charging Affidavit

The affidavits charging appellant with violating his probation alleged that he was arrested for disorderly intoxication after an incident at a local Publix supermarket on April 8, 2002, received citations for failure to change his address on his drivers license, having no proof of car insurance, and possessing/displaying a FOP insignia on May 22, 2002, and received citations for careless driving and leaving the scene of an accident resulting in injury on June 18, 2002. After a hearing, the trial court found that appellant committed the offenses of careless driving and disorderly conduct on April 8, 2002, the offense of resisting arrest with and without violence *607 on April 8, 2002, and the offenses of leaving the scene of an accident resulting in injury and leaving the scene of an accident involving property damage on May 22, 2002. Based upon these offenses, the trial court found that appellant -wilfully and substantially violated his probation. Therefore, the trial court revoked appellant’s probation.
An affidavit upon which a revocation is based must set forth the basic facts of the alleged violations. See Perkins v. State, 842 So.2d 275, 277 (Fla. 1st DCA 2003). Thus, revoking a defendant’s probation based upon a violation that was not charged is error. See Perkins, 842 So.2d at 277; LeMaster v. State, 765 So.2d 259, 260 (Fla. 1st DCA 2000). In the instant case, the affidavit charging appellant with violations of his probation did not allege that appellant committed or was cited for careless driving on April 8, 2002, committed or was charged with resisting arrest with or without violence, or committed or was charged with leaving the scene of an accident involving property damage.[1] Therefore, the trial court erred in finding appellant in violation of his probation for these offenses. The trial court is directed on remand to modify its order accordingly.[2]

Conclusion

While the trial court erred in some respects, there are sufficient valid grounds remaining upon which the trial court could have revoked appellant’s probation, namely disorderly intoxication and leaving the scene of an accident involving injury. Therefore, the revocation of appellant’s probation is affirmed, and this case is remanded to the trial court with directions to strike the findings of violation for careless driving, resisting arrest with and without violence, and leaving the scene of an accident involving property damage only. See Burse v. State, 724 So.2d 596, 598 (Fla. 2d DCA 1998) (affirming a revocation of probation and remanding for the trial court to strike the improper findings of violation).
AFFIRMED and REMANDED with directions.
WOLF, C.J.; PADOVANO and POLSTON, JJ., concur.

. The State argues that the trial court’s finding that appellant violated his probation by leaving the scene of a traffic accident involving property damage was permissible because leaving the scene of an accident involving property damage only, in violation of section 316.061, Florida Statutes (2002), is a lessor included offense of leaving the scene of an accident involving injury, in violation of section 316,027 (2002). The trial court did not, however, find that appellant committed a lesser offense. Rather, it found that appellant committed both offenses. This cannot be so. See Peterson v. State, 775 So.2d 376, 377-78 (Fla. 4th DCA 2000) (holding that convictions for both leaving the scene of an accident involving injury and leaving the scene of an accident involving property damage only were inconsistent and, therefore, could not be sustained).

. The Appellant also argues that the trial court erred in finding that the Appellant violated his probation by committing disorderly conduct because the offense of disorderly conduct was not charged. However, it appears based on the record of the violation and sentencing hearings that the finding of disorderly "conduct,” rather than disorderly intoxication, was merely a scrivener’s error. Appellant did not seek to have this error corrected below. On remand, the trial court should correct this scrivener's error. See Jackson v. State, 2003 WL 23094600, at *1, 870 So.2d 135, 135 (Fla. 2d DCA Dec. 31, 2003).