GERBER, J.
The defendants appeal from the circuit court’s order denying their motion to transfer venue from Broward County to Miami-Dade County. The defendants raise two arguments: (1) their affidavit established that venue was improper in Broward County and proper in Miami-Dade County; and (2) the plaintiff did not present any sworn evidence to rebut their affidavit. We agree with the defendants’ arguments and reverse.
The plaintiff filed a complaint against the defendants in Broward County for breach of contract and related counts arising from the defendants’ alleged non-payment for the plaintiffs legal services. The plaintiffs complaint alleged that the corporate defendant’s principal place of business was in Miami-Dade County and that the individual defendant resided in Miami-Dade County. The complaint nevertheless alleged that venue was proper in Broward County because the plaintiff performed its legal services for the corporate defendant in Broward County, albeit for a case pending in Miami-Dade County; the cause of action accrued in Broward County; and the plaintiff suffered damages in Broward County.
Attached to the plaintiffs complaint was the plaintiffs engagement letter to the defendants. The letter identified the plaintiffs office as being located in Broward County, and explained that the plaintiff would perform legal services for the defendants pertaining to the corporate defendant’s case pending in Miami-Dade County. Included with the engagement letter were the plaintiffs wiring instructions for payment to the plaintiffs bank account in Miami-Dade County. The individual de *1187 fendant signed the engagement letter on behalf of both himself and the corporate defendant.
The defendants filed a motion to transfer venue from Broward County to Miami-Dade County. Attached to the motion was the defendants’ affidavit in support of the motion. The defendants’ motion and affidavit alleged that venue was improper in Broward County and proper in Miami-Dade County because: (1) the individual defendant resides in Miami-Dade County; (2) the corporate defendant’s principal place of business is in Miami-Dade County; (3) the plaintiff provided legal services for the corporate defendant’s case pending in Miami-Dade County; (4) the individual defendant conducted all negotiations with the plaintiff from Miami-Dade County; (5) the individual defendant executed the engagement letter in Miami-Dade County; and (6) the defendants were to send payment to the plaintiff’s bank in Miami-Dade County pursuant to the wiring instructions included with the plaintiff’s engagement letter.
The plaintiff did not file any sworn evidence to rebut the defendants’ affidavit. Instead, at the hearing on the defendants’ motion, the plaintiff argued that its action accrued in Broward County because the defendants sought legal representation in Broward County, the plaintiff performed its services in Broward County, and payment was due in Broward County.
Following the hearing, the circuit court entered an order denying the defendants’ motion to transfer venue. The order contains no factual findings.
This appeal followed. Because the order on appeal contains no factual findings and stated only a legal conclusion, our review is de novo. See I-Net Techs., Inc. v. Salazar, 82 So.3d 1007, 1008 (Fla. 4th DCA 2011) (“The standard of review for the denial of a motion to transfer venue is whether the trial court’s factual determinations are supported by substantial, competent evidence or are clearly erroneous. The trial court’s legal conclusions are reviewed de novo.”) (citation and quotations omitted).
The defendants raise two arguments: (1) their affidavit established that venue was improper in Broward County and proper in Miami-Dade County; and (2) the plaintiff did not present any sworn evidence to rebut their affidavit. We agree with the defendants’ two arguments.
First, the defendants’ affidavit established that venue was improper in Bro-ward County and proper in Miami-Dade County. Venue is proper where the defendant resides, or, in the case of a domestic corporation, where the corporation has, or usually keeps, an office for transaction of its customary business; where the cause of action accrued; or where the property in litigation is located. §§ 47.011 & 47.051, Fla. Stat. (2012). It is undisputed that the individual defendant resides in Miami-Dade County and that the corporate defendant has its office for transaction of its customary business in Miami-Dade County. It also is undisputed that this litigation does not involve property. Thus, the defendants had the initial burden to establish, by affidavit, that the cause of action did not accrue in Broward County, but instead accrued in Miami-Dade County. See I-Net, 82 So.3d at 1008 (“A complaint is sufficient to allege venue, unless a defendant, by affidavit, challenges venue.”) (internal citation and quotations omitted). The defendants’ affidavit met that burden. The affidavit established that the plaintiffs causes of action accrued in Miami-Dade County because the defendants were to send payment to the plaintiffs bank in Miami-Dade County pursuant to the wiring instructions included with the plaintiffs engagement letter and because the *1188 plaintiff’s principal place of business is located in Miami-Dade County. See R.C. Storage One, Inc. v. Strand Realty, Inc., 714 So.2d 634, 635 (Fla. 4th DCA 1998) (“A cause of action for money due accrues where payment is required; when an agreement is silent as to the place of payment, it is implied that payment is to be remitted where the creditor has its principal place of business.”).
Second, once the defendants met their initial burden to establish, by affidavit, that venue was proper in Miami-Dade County, the plaintiff failed to file any sworn evidence to establish that venue was proper in Broward County. See Am. Vehicle Ins. Co. v. Goheagan, 35 So.3d 1001, 1003 (Fla. 4th DCA 2010) (“Although an unsworn complaint is sufficient to allege venue, ... when a defendant challenges venue by filing an affidavit controverting the plaintiffs venue allegations, the burden shifts to the plaintiff to establish the propriety of the venue selection.”). More specifically, the plaintiff did not file any sworn evidence to support its allegation that the defendants’ payment was due in Broward County despite the plaintiffs wiring instructions to the contrary. We are unpersuaded by the plaintiffs unsworn argument that the wiring instructions did not establish where payment was required because the engagement letter did not incorporate the instructions by reference.
Based on the foregoing, we reverse the circuit court’s order denying the defendants’ motion to transfer venue from Bro-ward County to Miami-Dade County. We remand for further proceedings consistent with this opinion.

Reversed and remanded.

WARNER and CIKLIN, JJ„ concur.