PER CURIAM.
James Franklin Longwell, IV, appellant, was convicted on several charges stemming from an altercation with his former wife, Jessica A. Longwell. On appeal, Mr. Longwell challenges his conviction for tampering with a victim or witness, arguing that the trial court erred by not granting his motion for judgment of acquittal as to that charge. As explained below, we agree and reverse.
At trial, Ms. Longwell testified that on November 28, 2011, she and Mr. Longwell had communicated with each other and arranged a meeting, both to discuss child support payments and to allow Mr. Long-well to visit his daughter, who was in Ms. Longwell’s custody. Ms. Longwell testified that when she and Mr. Longwell met on that date, an argument ensued that resulted in a physical altercation. Ms. Longwell stated that her cellular phone had been broken during the altercation, but that she believed it was because she had dropped it. Ms. Longwell testified that she was aware that her current testimony regarding her cellular phone was contrary to the initial written statement she gave to the police, and which was entered in evidence, where she said that Mr. Longwell took her cell phone and smashed it on the ground. Ms. Longwell testified that she did not call 911.
At the close of the State’s case-in-chief, defense counsel moved for judgment of acquittal, asserting that there was insuffi- *1198 dent evidence to show that Mr. Longwell tampered with the victim. The trial court denied the motion and Mr. Longwell was ultimately found guilty of all three charges, including tampering with a victim or witness. This appeal followed.
A judgment of acquittal is not proper if the State has produced competent, substantial evidence to support every element of the crime. Bussell v. State, 66 So.3d 1059, 1061 (Fla. 1st DCA 2011); Gay v. State, 607 So.2d 454, 457 (Fla. 1st DCA 1992). Furthermore, “[i]t is the trial judge’s proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences.” Beasley v. State, 774 So.2d 649, 658 (Fla.2000), (emphasis in original), reh’g denied, (quoting State v. Law, 559 So.2d 187, 189 (Fla.1989)).
Under Florida law, tampering with a witness, victim, or informant occurs when:
(1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:
[[Image here]]
(e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding....
§ 914.22(l)(e), Fla. Stat. (2011).
Based on our review of the record, we conclude that no evidence was presented establishing that Ms. Longwell was attempting to contact law enforcement during the altercation with Mr. Longwell. The State accurately and candidly indicated that the evidence presented did not establish a prima facie case of guilt as to the tampering charge. Because Ms. Long-well denies calling 911, and because no witness testified that Ms. Longwell was attempting to contact law enforcement during the altercation, there is insufficient evidence as to an essential element of the crime.
Accordingly, we REVERSE the adjudication as to the tampering with a victim or witness violation, and remand for further proceedings consistent with this opinion.
VAN NORTWTCK, ROWE, and MARSTILLER, JJ., concur.