IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NED CARMER THOMPSON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5148

Opinion filed January 15, 2015.

An appeal from the Circuit Court for Alachua County.
Edward Philman, Judge.

Nancy A. Daniels, Public Defender; Glen P. Gifford and Joanna Aurica Mauer, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.

ROBERTS, J.

      The Appellant, Ned Carmer Thompson, appeals his judgment and sentence for the following counts: (1) felony battery – domestic battery by strangulation; (2)

false imprisonment; (3) tampering with a witness, victim, or informant; (4) felony battery – repeat offender; (5) tampering with a witness, victim, or informant; and (6) perjury in an official proceeding. He raises five issues on appeal, only one of which merits discussion. The Appellant argues that the trial court committed reversible error when it denied his motion for judgment of acquittal because the State failed to present any evidence required for a conviction for witness tampering under count three. The State concedes error, and we agree.

Under Florida law, tampering with a witness, victim, or informant occurs when:

(1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:

***

(e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding . . . .

§ 914.22(1)(e), Fla. Stat. (2013).

There is no evidence in the record establishing that the victim was attempting

2

to contact law enforcement during the time of the incident. As such, there was insufficient evidence as to an essential element of the crime. See Longwell v. State, 123 So. 3d 1197, 1198 (Fla. 1st DCA 2013). Accordingly, the Appellant's conviction for witness tampering under count three must be REVERSED.

THOMAS and ROWE, JJ., CONCUR.