PER CURIAM.
Cecil McCray was convicted of battery and tampering with a victim or witness. On appeal, he argues that the trial court erred when it denied his motion for judgment of acquittal because the State failed to present any evidence required for a conviction for tampering with a victim or witness. We agree and reverse.
At trial, Summer Addison testified that she and McCray engaged in a physical altercation, which resulted in her suffering physical injuries. During the altercation, Addison attempted to use her cell phones, but McCray broke them in half. She testified that she never told McCray that she was going to call law enforcement or 911. At the close of the State’s case, defense counsel moved for a judgment of acquittal, arguing that the State failed to show that Addison was attempting to contact law enforcement during her physical altercation with McCray. The trial court denied the motion, and McCray was found guilty of tampering with a victim or witness.
The appropriate standard of review on a motion for judgment of acquittal is the de novo standard. Jones v. State, 4 So.3d 687, 688 (Fla. 1st DCA 2009). If the State has presented competent evidence to establish every element of the crime, then judgment of acquittal is improper. State v. Odom, 862 So.2d 56, 59 (Fla. 2d DCA 2003).
Under Florida law, tampering with a witness, victim, or informant occurs when:
(1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:
(e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding....
§ 914.22(l)(e), Fla. Stat. (2014). Thus, it is necessary to present evidence that the victim was attempting to contact law enforcement during the time of the incident to support a conviction under this statute. Thompson v. State, 153 So.3d 996, 997 (Fla. 1st DCA 2015).
A review of the record reveals that the State presented no evidence to establish that Addison was attempting to contact law enforcement during the altercation with McCray. In fact, Addison testified that she was “trying to call somebody,” not that she was trying to call law enforcement. She also testified that she never gave McCray any indication that she was attempting to call law *833 enforcement or 911 during the altercation. Because there was no evidence that Addison was attempting to contact law enforcement, the trial court erred in denying McCray’s motion for judgment of acquittal. See Longwell v. State, 123 So.3d 1187, 1198 (Fla. 1st DCA 2013). We, therefore, REVERSE the conviction for tampering with a victim or witness.
BENTON, ROWE, and MARSTILLER, JJ., concur.