NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| ANTOINE E. McCLOUD,<br>DOC #120077, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-5289 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed August 11, 2017.

Appeal from the Circuit Court for
Hillsborough County; Lisa D. Campbell,
Judge.

Howard L. Dimmig, II, Public Defender,
and Brooke Elvington, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

Antoine McCloud challenges his judgment and sentence for tampering

with a witness, a violation of section 914.22(1)(e), Florida Statutes (2014). Mr. McCloud

contends that the State's evidence was insufficient to sustain his conviction because the

State failed to prove that a victim or witness was attempting to contact law enforcement during the commission of a crime. He also contends that his written judgment contains numerous clerical errors and that he is entitled to a new sentencing hearing based on a scoresheet error. Because we find that section 914.22(1)(e) does not require the State to prove that a witness was attempting to contact law enforcement during the time of the underlying criminal incident, we affirm Mr. McCloud's conviction for witness tampering. However, we vacate Mr. McCloud's sentence for witness tampering and remand for the trial court to conduct a new sentencing hearing for that charge and to correct the errors on the face of the judgment.

## I. THE FACTS

The incident that gave rise to the witness tampering charge occurred on the morning of March 8, 2015. Mr. McCloud awoke to noise made by his six-year-old daughter in the living area of his home. Mr. McCloud began yelling at his daughter to play more quietly and threatened to spank her. The victim, who was the child's mother and Mr. McCloud's wife, also awoke and told Mr. McCloud to calm down. Upon being told to calm down, Mr. McCloud became angry, approached the victim, who was still in bed, and screamed at her to stop interfering with his attempts to discipline their daughter.

The victim testified that Mr. McCloud then pushed her in the chest and poked her in the forehead about two to three times. After he stopped pushing her, Mr. McCloud then left the bedroom. Upon his exit, the victim began shouting to her twelve-year-old daughter to call for help. Mr. McCloud returned to the bedroom with a gun in his hand. He threatened to kill the victim if she ever took the children from him. Mr.

McCloud then left the bedroom again and approached the older daughter, who was watching the incident unfold from the hallway outside of the bedroom. The victim testified that Mr. McCloud took the older daughter's cell phone out of her hands and said, "Are you going to call those people on me? Are you telling my daughter to call those people on me?" The victim also testified that at some point during the incident, Mr. McCloud took her cell phone and threw it to the ground, causing the battery to fall out.

The older daughter testified that upon hearing the victim shout for help, she left her bedroom and observed from the hallway that Mr. McCloud was on top of the victim, apparently holding her arms down for about twenty seconds. She also saw that the victim's phone was broken on the floor. The older daughter also testified that as she was standing in the hallway, Mr. McCloud approached her and grabbed her cell phone out of her hands. The older daughter stated that upon seizing her cell phone, Mr. McCloud stated, "You can't call the cops on me. You can't get my kids to call the cops on me."

Mr. McCloud took the stand in his own defense at trial. He testified that he never hurt the victim and that he took the phone from his older daughter as a form of punishment for her failure to clean the house. He further testified that at the time he took the phone from his older daughter, the phone's screen was black and that there was no phone call in progress.

At the close of the State's case, the defense moved for a judgment of acquittal. Defense counsel argued that the evidence was insufficient to sustain a conviction for witness tampering because under McCray v. State, 171 So. 3d 831, 832

- 3 -

(Fla. 1st DCA 2015), the State was required to and failed to present evidence that "the victim [or witness] was attempting to contact law enforcement during the time of the incident." The trial court denied the motion, finding that the State's evidence was sufficient to present the case to the jury. The jury returned a verdict finding Mr. McCloud guilty of tampering with a witness as charged. It also found him guilty of simple battery, a misdemeanor in the first degree, and assault, a misdemeanor in the second degree.[1] This appeal followed.

## II. DISCUSSION

Mr. McCloud raises two issues on appeal. First, Mr. McCloud argues that the trial court erred in denying his motion for a judgment of acquittal because the State failed to present sufficient evidence to support a conviction under section 914.22(1)(e). In support of his argument, Mr. McCloud relies primarily on the First District's decision in McCray. Second, Mr. McCloud contends that the judgment contains three errors on its face. He further contends that he is entitled to a new sentencing hearing on the witness tampering charge because of a scoresheet error. The State concedes that the judgment contains scrivener's errors and that Mr. McCloud is entitled to a new sentencing hearing. We shall address each issue in turn.

The first issue concerns the trial court's denial of Mr. McCloud's motion for judgment of acquittal and the interpretation of section 914.22(1)(e). We review de novo both the denial of a motion for judgment of acquittal and an issue of statutory interpretation. Delgado-George v. State, 125 So. 3d 1031, 1033 (Fla. 2d DCA 2013).

---

[1]Mr. McCloud does not challenge his convictions for battery and assault.

- 4 -

As with all issues of statutory interpretation, we begin with the text of the statute. Section 914.22 provides, in pertinent part, that a person commits the crime of tampering with a witness, victim, or informant when that person:

> (1) . . . knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:
>
> . . . .
>
> (e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense . . . .

§ 914.22(1)(e). In other words, as this court has previously explained, the State must prove that through some knowing act, threat, or attempted act, "the accused specifically intended to hinder, delay, or prevent the communication of information regarding a crime to a law enforcement officer." Gill v. State, 622 So. 2d 92, 93 (Fla. 2d DCA 1993).

However, Mr. McCloud contends that section 914.22(1)(e) also requires the State to present evidence showing that the witness was attempting to contact law enforcement during the commission or possible commission of the criminal offense. Mr. McCloud observes that the First District's decision in McCray, which relied on Thompson v. State, 153 So. 3d 996 (Fla. 1st DCA 2015), and Longwell v. State, 123 So. 3d 1197 (Fla. 1st DCA 2013), is squarely on point. In all three cases, the First District held that to support a conviction for witness tampering under section 922.14(1)(e), the State was required "to present evidence that the victim [or witness] was attempting to contact law enforcement during the time of the [underlying criminal] incident." McCray, 171 So. 3d at 832 (citing Thompson, 153 So. 3d at 997); see also Longwell, 123 So. 3d

at 1198 ("[W]e conclude that no evidence was presented establishing that [the victim] was attempting to contact law enforcement during the altercation with [the defendant].").

In McCray, the First District reversed the defendant's conviction for witness tampering because the State did not show that the victim was attempting to contact law enforcement at the time she was being battered by the defendant. 171 So. 3d at 832-33. The First District reasoned that because the victim testified that she was "trying to call somebody" instead of testifying that she was attempting to contact law enforcement during the time of the incident, evidence that the defendant broke her phone was not sufficient to prove witness tampering. Id. at 832. Our sister court, however, failed to provide any explanation for its interpretation of section 914.22(1)(e). Rather, it simply relied upon its previous decision in Thompson, which had held that the statute required the State to present evidence showing that "the victim was attempting to contact law enforcement during the time of the incident." McCray, 171 So. 3d at 832 (citing Thompson, 153 So. 3d at 997). Similarly, the First District's decision in Thompson is devoid of any explanation for its interpretation of the statute. 153 So. 3d at 996-97. There, too, the First District simply relied upon its previous decision in Longwell. Id. at 997. But again, in Longwell, the First District failed to expound upon its interpretation of the statute. 123 So. 3d at 1198. Instead, the Longwell court simply held that there was insufficient evidence to support a witness tampering conviction because there was no testimony indicating that the victim "was attempting to contact law enforcement during the altercation." Id. Notably, in Longwell, the State conceded "that the evidence presented did not establish a prima facie case of guilt as to the tampering charge." Id.

Based on our plain reading of section 914.22(1)(e), we disagree with the First District's interpretation of the statute in McCray, Thompson, and Longwell. Section 914.22(1)(e) does not require the State to show that a witness, victim, or informant "was attempting to contact law enforcement during the time of the incident." McCray, 171 So. 3d at 832 (emphasis added). Such a requirement would add another element to a crime that is otherwise clearly defined. See § 914.22(1)(e); Fla. Std. Jury Instr. (Crim) 21.10 (listing the three elements that the State must prove beyond a reasonable doubt to convict a person of witness tampering). Rather, we find that the statute requires the State to prove that the accused knowingly took some action with the intent to hinder, delay, or prevent the witness from communicating information to law enforcement "relating to [not during] the commission or possible commission of an offense."[2] § 914.22(1)(e) (emphasis added). Indeed, if we were to interpret the statute as the First District has done, the State's case would be dependent upon the actions of the witness rather than on those of the defendant. Such an interpretation not only severely restricts the statute's applicability, but it also contravenes the plain meaning of the statute and could lead to absurd results.[3] Therefore, we disagree with the First District's

---

[2]Section 914.22(1) lists four different acts that an accused might take against a victim, witness, or informant that could constitute witness tampering: (1) the use or attempted use of intimidation or physical force; (2) a threat or attempted threat; (3) misleading conduct; or (4) an offer of pecuniary benefit or gain.

[3]For instance, a defendant who threatens to kill a witness or victim if they "rat" on him could not be found guilty of witness tampering as long as that witness or victim did not attempt to contact the police during the commission of the underlying crime. In other words, under the First District's interpretation of section 914.22(1)(e), a witness or victim has a small window of time to contact law enforcement. If that witness does not try or, at a minimum, intend to contact law enforcement at the time of the underlying crime, then a defendant cannot be found guilty of witness tampering. This

interpretation and conclude that section 914.22(1)(e) does not require the State to present evidence showing that the witness or the victim "was attempting to contact law enforcement during the time of the incident." McCray, 171 So. 3d at 832.

In this case, based on our interpretation of section 914.22(1)(e) and viewing the facts adduced at trial in a light most favorable to the State, we find that the State presented sufficient evidence to sustain Mr. McCloud's conviction for witness tampering. The record reflects that after Mr. McCloud had threatened and battered the victim, he not only took a cell phone from his older daughter, who was witnessing the crime, but he also broke the victim's phone. In fact, the older daughter testified that when Mr. McCloud grabbed the cell phone out of her hands, he warned, "You can't call the cops on me. You can't get my kids to call the cops on me." Indeed, the victim corroborated the older daughter's account and testified that Mr. McCloud stated, "Are you going to call those people on me? Are you telling my daughter to call those people on me?" Accordingly, through the testimony of the mother and the older daughter, the State presented competent substantial evidence to show that Mr. McCloud knowingly used physical force, intimidation, or a threat with the intent to hinder or prevent a communication by either the victim or the older daughter to law enforcement regarding the assault and battery. We turn now to a consideration of Mr. McCloud's second issue.

In light of the State's proper concession of error, we hold that the judgment must be corrected and that Mr. McCloud is entitled to a new sentencing hearing on the

---

would be true even if a defendant threatens to kill a witness or victim in the event that they "rat" on him.

witness tampering charge.[4]  Upon remand, the trial court shall correct the judgment to indicate that Mr. McCloud was tried and found guilty by a jury.  The trial court shall also correct the judgment to reflect that Mr. McCloud was convicted of tampering with a witness, a third-degree felony.  See § 914.22(2)(a) (stating that when the underlying convictions are misdemeanor offenses, witness tampering is a third-degree felony).  The trial court shall further correct the judgment to show that Mr. McCloud was found guilty of assault—not "improper exhibition of a dangerous weapon or firearm (assault)"––a misdemeanor of the second degree.  Furthermore, we find that a new sentencing hearing is necessary because the scoresheet improperly included a 1.5 multiplier based on the domestic violence charge.  The use of the 1.5 multiplier was incorrect because the primary offense was witness tampering (a third-degree felony), not domestic violence.  See Fla. R. Crim. P. 3.704(d)(7), (23) (" 'Primary offense' means the offense at conviction pending before the court for sentencing for which the total sentence points recommend a sanction that is as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing. . . .  If the primary offense is a crime of domestic violence . . . , the subtotal sentence points are multiplied by 1.5.").  Thus, because Mr. McCloud was sentenced to the bottom of the guidelines and the scoresheet will be affected by removing the domestic violence multiplier, we vacate the sentence and remand for a new sentencing hearing on the witness tampering conviction.

_____

[4]The sentencing issues were properly preserved through the filing of a timely motion under Florida Rule of Criminal Procedure 3.800(b)(2).  The motion was deemed denied.

For these reasons, we affirm Mr. McCloud's conviction for witness tampering and certify conflict with the First District's interpretation of section 914.22(1)(e) in McCray. We also vacate the sentence for witness tampering and remand for resentencing on that charge and for the correction of the judgment.

Affirmed in part, reversed in part; conflict certified.


LaROSE, C.J., and KHOUZAM, J., Concur.