DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD TAFFE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4262

[December 13, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 12-3904CF10A.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Richard Taffe, appeals the trial court's order revoking his probation and sentencing him to fifteen years as a Habitual Felony Offender. Appellant argues that this Court should reverse because: 1) the evidence was insufficient to support the trial court's finding that Appellant violated his probation by committing the offense of witness tampering, and 2) one of the offenses for which the trial court found Appellant in violation, armed kidnapping, was not alleged in the charging affidavit. We affirm the revocation of Appellant's probation but remand for modification of the order to remove the armed kidnapping finding as discussed below.

Background

Appellant pleaded no contest to one count of felon in possession of a firearm and was sentenced to three years of probation. As a condition of his probation, Appellant was required to live without violating the law. While on probation, Appellant was arrested and charged with several offenses stemming from an armed robbery and kidnapping. Based on the foregoing, the State filed an Affidavit of Violation of Probation (VOP) which

alleged that Appellant violated his probation by committing the new law offenses of: robbery with a firearm, aggravated assault with a firearm, armed false imprisonment, felony battery, burglary of a conveyance, grand theft, and witness tampering.

At the VOP hearing, the State's evidence established that Appellant and two other men set up a bogus electronics transaction with a cellular phone store owner and, during the process, kidnapped and held the victim at gunpoint. While holding the victim hostage in a car, Appellant and one of his co-defendants discussed what they should do with the victim. Appellant stated that they should kill the victim to keep him from talking to the police. The co-defendant objected and told the victim that they would let him live, but threatened that they would kill the victim and his family if he ever spoke to the police. The co-defendant then took the victim's driver's license from his wallet before shoving the victim out of the car and onto the side of a road.

Considering the foregoing evidence, the court revoked Appellant's probation, finding that he committed all of the new law violations alleged in the State's affidavit of VOP as well as the offense of armed kidnapping.

<u>Analysis</u>

*a) The Witness Tampering Finding*

On appeal, Appellant argues that the court erred in finding that he violated his probation by committing the offense of witness tampering. Section 914.22 provides, in pertinent part, that a person commits the crime of witness tampering when that person:

(1) [K]nowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:

. . .

(e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense . . . .

§ 914.22(1)(e), Fla. Stat. (2013). Accordingly, to prove the offense of witness tampering, the State must prove that through some knowing act,

2

threat, or attempted act, "the accused specifically intended to hinder, delay, or prevent the communication of information regarding a crime to a law enforcement officer." *Gill v. State*, 622 So. 2d 92, 93 (Fla. 2d DCA 1993).

Appellant admits that the State established that he threatened to kill the victim in order to prevent him from speaking to police, but argues that this threat did not constitute tampering because there was no evidence that the victim was attempting to contact law enforcement when the threat was made. In support of his position, Appellant relies upon a line of cases from the First District which stand for the proposition that in order to support a conviction for witness tampering under section 914.22(1)(e), the State is required "to present evidence that the victim was attempting to contact law enforcement during the time of the incident." *McCray v. State*, 171 So. 3d 831, 832 (Fla. 1st DCA 2015) (citing *Thompson v. State*, 153 So. 3d 996 (Fla. 1st DCA 2015) and *Longwell v. State*, 123 So. 3d 1187 (Fla. 1st DCA 2013)). We reject this authority and instead adopt the Second District's holding in *McCloud v. State*, 224 So. 3d 842, 846 (Fla. 2d DCA 2017).

Certifying conflict with *McCray*, the Second District held that "section 914.22(1)(e) does not require the State to present evidence showing that the witness or victim 'was attempting to contact law enforcement during the time of the incident.'" *McCloud*, 224 So. 3d at 846 (quoting *McCray*, 171 So. 3d at 832). In arriving at this conclusion, the *McCloud* court looked to the plain language of section 914.22(1)(e), which notably does not include any language providing that the witness must be attempting to contact law enforcement when the tampering occurs. *Id.* It therefore reasoned that the First District improperly "add[ed] another element to a crime that is otherwise clearly defined." *Id.* Additionally, the *McCloud* court reasoned that "if we were to interpret the statute as the First District has done, the State's case would be dependent upon the actions of the witness rather than on those of the defendant. Such an interpretation not only severely restricts the statute's applicability, but it also contravenes the plain meaning of the statute and could lead to absurd results." *Id.* (footnote omitted).

In our view, there is simply nothing within the plain language of the witness tampering statute requiring the State to prove the witness was attempting to contact law enforcement when the threat was made. Instead, the statute only requires the "State to prove that the accused knowingly took some action with the intent to hinder, delay, or prevent the witness from communicating information to law enforcement 'relating to [not during] the commission or possible commission of an offense.'" *Id.*

3

(quoting § 914.22(1)(e), Fla. Stat.). Indeed, as outlined by the Second District, adopting the logic of the First District in this case would lead to an "absurd result." Here, there is no way that the victim could have tried to contact law enforcement at the time his life was threatened because he was being held hostage at gunpoint. This scenario illustrates that under the law as delineated by the First District, a defendant could never be held criminally liable for witness tampering so long as the defendant ensures that the witness is unable to contact law enforcement at the time the threats are made. In other words, so long as a defendant kidnaps a witness, cuts their phone lines, or destroys their cell phone before threatening them in order to prevent the witness from contacting law enforcement, there can be no witness tampering. This logic, by any measure, would lead to an absurd result. *See Quarantello v. Leroy*, 977 So. 2d 648, 654 (Fla. 5th DCA 2008) (recognizing that courts "must abide by the rule of statutory construction that requires [courts] to interpret a statute to avoid absurd or unreasonable results").

Based on the foregoing, we hold that the evidence was sufficient to support the court's finding that Appellant violated his probation by committing the offense of witness tampering.

### b) The Armed Kidnapping Finding

Next, Appellant argues that the court fundamentally erred when it found Appellant in violation of his probation for committing the new law violation of armed kidnapping where the State did not allege this in its charging affidavit. "An affidavit upon which a revocation is based must set forth the basic facts of the alleged violations." *Bourne v. State*, 869 So. 2d 606, 607 (Fla. 1st DCA 2004). "Thus, revoking a defendant's probation based upon a violation that was not charged is error." *Id.* In this case, the State did not allege that Appellant committed the new law violation of armed kidnapping in the VOP affidavit. Therefore, as the State properly concedes, the trial erred in finding that Appellant violated his probation by committing the offense of armed kidnapping.

Conclusion

Appellant has not demonstrated that the court erred in finding him in violation of his probation for committing the new law offenses of robbery with a firearm, aggravated assault with a firearm, armed false imprisonment, felony battery, burglary of a conveyance, grand theft, and witness tampering. However, Appellant has demonstrated that the court erred in finding him in violation for committing the offense of armed kidnapping. Despite the court's error, there are sufficient valid grounds

4

remaining upon which the trial court properly revoked Appellant's probation. Accordingly, we affirm Appellant's probation revocation and sentence, but remand with instructions to strike the armed kidnapping finding. *Id.*

*Affirmed and remanded with instructions.*

WARNER and TAYLOR, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**