NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KEVIN WILLIAMS,                          )
a/k/a KIVEN LAMONT WILLIAMS,             )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D17-575
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____)

Opinion filed May 11, 2018.

Appeal from the Circuit Court for Polk
County; Neil A. Roddenbery, Judge.

Howard L. Dimmig, II, Public Defender,
and William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Laurie Benoit-Knox,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

Kevin Williams appeals his judgments for kidnapping, domestic battery by

strangulation, and tampering with a witness.  Relying on three cases from the First

District Court of Appeal, he argues that the trial court erred in denying his motion to

dismiss the charge of tampering with a witness because the State failed to prove that

the victim was attempting to contact law enforcement at the time of the incident. See McCray v. State, 171 So. 3d 831, 833 (Fla. 1st DCA 2015); Thompson v. State, 153 So. 3d 996, 997 (Fla. 1st DCA 2015); Longwell v. State, 123 So. 3d 1197, 1198 (Fla. 1st DCA 2013). However, Mr. Williams acknowledges that in McCloud v. State, 224 So. 3d 842 (Fla. 2d DCA), review granted, No. SC17-1750, 2017 WL 5496024 (Fla. Nov. 16, 2017), this court held that to prove the offense of witness tampering, the State was not required to show that the victim was attempting to contact law enforcement when the incident occurred, and this court certified conflict with McCray.

In accordance with McCloud, we conclude that the trial court correctly denied the motion to dismiss in this case, because the State was not required to prove that the victim was attempting to contact law enforcement at the time of the incident. We note that there are important factual distinctions between McCloud and the above cited First District Court of Appeal cases; nonetheless, to the extent those cases hold that in all cases of witness tampering, the State is required to prove that the victim was attempting to contact law enforcement at the time of the incident, we again certify conflict.

Section 914.22(1), Florida Statutes (2015), defines the offense of tampering with a witness as follows:

> A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:
>
> . . . .
>
>   (e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the

commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding; . . .

. . . .

commits the crime of tampering with a witness, victim, or informant.[1]

Pursuant to the language of section 914.22(1)(e), the accused must have the intent to influence a witness's decision to contact law enforcement. In Longwell, 123 So. 3d at 1197, the victim testified that she and the appellant were in a physical altercation and that her cell phone was broken during the altercation, but she believed the phone broke when she dropped it. In her initial statement to the police, which was entered into evidence, she alleged that the appellant took her cell phone and smashed it on the ground. In Longwell, there was no allegation that the appellant ever threatened to harm the victim or otherwise used intimidation or physical force to influence her decision to call law enforcement.

The First District examined the language of section 914.22(1)(e) and held that there was insufficient evidence to prove the offense of witness tampering because the victim denied calling 911 and there was no evidence that the victim otherwise was attempting to contact law enforcement when her cell phone was broken. Id. at 1198. The court noted that the State candidly indicated that the evidence "did not establish a prima facie case of guilt as to the tampering charge." Id.

We agree with the conclusion in Longwell that the State in that case did not establish the offense of witness tampering as it is defined in section 914.22(1)(e),

_____

[1]Section 914.22(1) lists other acts that constitute witness tampering; however, those acts have not been alleged in this case.

where there was no evidence that the appellant had the intent to influence the victim's decision to contact law enforcement. The appellant's act of taking the victim's cell phone and smashing it on the ground could not be construed as an attempt to "[h]inder, delay, or prevent the communication to a law enforcement officer" where there was no evidence that she ever tried or intended to communicate with a law enforcement officer. See § 914.22(1)(e). The requirements of subsection (e) were clearly not met in that case, and the Longwell court correctly held that there was insufficient evidence as to an essential element of the crime. 123 So. 3d at 1198. Simply put, the only manner in which the State could have proven the charge of witness tampering in Longwell would have been to establish that the victim attempted to call law enforcement and that the appellant had the intent to hinder, delay, or prevent her from doing so when he broke her cell phone.

Similarly in McCray, 171 So. 3d at 832, the victim testified that she and the appellant were in a physical altercation, and during the altercation, the appellant broke her cell phones when the victim tried to use them. However, the victim never told the appellant that she was going to call 911 or law enforcement, and she testified during trial that she was "trying to call somebody," not that she was trying to call law enforcement. Id. Similar to Longwell, there is no indication that the appellant ever threatened the victim in any way in an attempt to hinder, delay, or prevent her from contacting law enforcement.

Citing Thompson, the First District again held that the State was required to prove "that the victim was attempting to contact law enforcement during the time of the incident to support a conviction under this statute." Id. (citing Thompson, 153 So. 3d

at 997).  We note that, as in Longwell, the only way the State could have proven the charge of tampering with a witness in McCray would have been to establish that the appellant's action in breaking the cell phones was an attempt to "[h]inder, delay, or prevent the communication to a law enforcement officer" because there was no other evidence establishing the requirements of section 914.22(1)(e).

The case at bar is distinguishable from Longwell and McCray.[2]  Here, the State's traverse alleged that after beating the victim, Mr. Williams asked the victim to promise him that she would not go to the police and he threatened to shoot her if she did so.  Therefore, unlike Longwell and McCray, Mr. Williams knowingly threatened the victim with the intent to hinder, delay, or prevent her from communicating with law enforcement.

Similarly, the appellant in McCloud, 224 So. 3d 842, acted with the intent to prevent the victim from communicating with law enforcement.  In that case, the appellant pushed the victim a few times in their bedroom.  Id. at 843.  When the appellant left the bedroom, the victim yelled for her daughter to call for help.  The appellant returned to the bedroom with a gun and threatened to kill the victim if she ever took the children from him.  The appellant then left the bedroom and approached the daughter, who was standing in a hallway outside of the bedroom.  Id.  The appellant took the daughter's cell phone out of her hand and stated: "You can't call the cops on me.  You can't get my kids to call the cops on me."  Id. at 844.  The appellant also took the victim's cell phone and threw it to the ground, causing the battery to fall out.  Id.

---

[2]The opinion in Thompson v. State, 153 So. 3d 996 (Fla. 1st DCA 2015), did not discuss the facts presented at trial.

In McCloud, this court held that section 914.22(1)(e) requires "the State to prove that the accused knowingly took some action with the intent to hinder, delay, or prevent the witness from communicating information to law enforcement 'relating to [not during] the commission or possible commission of an offense.' " Id. at 846 (alteration in original) (quoting § 914.22(1)(e)). This court concluded that there was competent, substantial evidence establishing that the appellant "knowingly used physical force, intimidation, or a threat with the intent to hinder or prevent a communication by either the victim or the older daughter to law enforcement regarding the assault and battery." Id.

McCloud is clearly distinguishable from McCray and Thompson because there was evidence of the appellant's intent to hinder or prevent either the victim or her daughter from communicating with law enforcement, as he specifically stated: "You can't call the cops on me. You can't get my kids to call the cops on me." Id. at 844. In McCray and Thompson, the appellants made no similar statements. Nonetheless, this court certified conflict with McCray, because it interpreted the holding in that case to specifically require the State to prove that the victim was making an attempt to contact law enforcement at the time of the incident. Id. at 845-46.

The Fourth District recently agreed with the reasoning in McCloud. In Taffe v. State, 232 So. 3d 431, 433 (Fla. 4th DCA 2017), the appellant and his codefendant threatened the victim that they would kill him and his family if he ever spoke to the police. The Fourth District held that "there is simply nothing within the plain language of the witness tampering statute requiring the State to prove the witness was attempting to contact law enforcement when the threat was made." Id. at 434. Similar

- 6 -

to <u>McCloud</u>, the facts in <u>Taffe</u> are clearly distinguishable from <u>McCray</u> and <u>Thompson</u>, where the appellants made no similar threats. We note that <u>McCloud</u> and <u>Taffe</u> fail to address the fact that in <u>McCray</u> and <u>Longwell</u>, the State was required to prove that the victims were attempting to contact law enforcement when the appellants took their cell phones, as there was no other evidence in those cases that the appellants committed some act or made some statement indicating an intent to hinder, delay, or prevent the victims from contacting law enforcement.

We follow the holding in <u>McCloud</u> and affirm. To the extent that <u>McCray</u> holds that in every case of witness tampering, the State must prove that the victim was attempting to contact law enforcement when the accused attempted to intimidate, use physical force, or threaten another person, we again certify conflict with <u>McCray</u>.

Affirmed; conflict certified.


BLACK, J., Concurs.
MAKAR, SCOTT, ASSOCIATE JUDGE, Concurs with opinion.



MAKAR, SCOTT, Associate Judge, Concurring.

I fully concur but note that as a visiting judge, I necessarily wear the home team's jersey and thereby agree with my Second District colleagues to certify conflict in this case with <u>McCray v. State</u>, 171 So. 3d 831 (Fla. 1st DCA 2015), a decision of my native court. See <u>Hauer v. Christon</u>, 168 N.W.2d 81, 82 (Wis. 1969) ("We think a judge on such an assignment is bound by the local rules and should, when in Rome, do as the Romans do."); <u>see also</u> <u>Bonstingl v. Md., N.A.</u>, 662 F. Supp. 882, 885-86, 886 n.2 (D.

Md. 1987) ("In short, it is a part of the common knowledge of a reasonable person that he or she must follow the maxim, 'When in Rome, do as the Romans do,' " which is "classically stated, 'Si fueris Romae, Romano vivito more; si fueras alibi, vivito sicut ibi.' St. Ambrose (c. 340–397)."), aff'd, 841 F.2d 1122 (4th Cir. 1988).  Stated differently, "should you be in the Second District, live in the Second District's manner; should you be elsewhere, live as they do there."