Roberts, J.
*796 The appellant makes two arguments on appeal to challenge his convictions of sexual battery and tampering with a victim. The appellant first argues that the trial court erred when it admitted a fourteen-year-old child declarant's hearsay statements without first analyzing whether or not the child was in need of the protection offered by section 90.803(23), Florida Statutes (2014) (protecting children from the emotional harm associated with testifying in court). The appellant also argues that the trial court was required to grant his motion for judgment of acquittal with regards to the charge of tampering with a victim based on this Court's case law. We find that the appellant's interpretation of case law and the statutory requirements of section 90.803(23) are unsupported. We affirm both of the appellant's convictions.
Because the Legislature changed the maximum age of the declarant in section 90.803(23), the appellant argues that in determining the admissibility of a child victim's hearsay statement, a trial court must initially determine if a child victim is in need of the statute's protection. The appellant argues that the failure to determine the child's need for such protection violates his constitutional right to confront witnesses against him and his right to due process. Statutory interpretation is reviewed de novo . Polite v. State , 973 So.2d 1107, 1111 (Fla. 2007). When interpreting statutes, courts focus on legislative intent. Id. To determine legislative intent, courts first look to the plain meaning. State v. Dorsett , 158 So.3d 557, 560 (Fla. 2015). It is only when the language of the statute is unclear or ambiguous that the court applies rules of statutory construction to discern intent. Id.
Section 90.803 states as follows:
(23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM.-
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 16 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or *797 b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
The plain language of the section 90.803(23) is not unclear or ambiguous. Finding no statement in the statute that a trial court must determine whether a child victim declarant needs the protection offered by the statute, we find that the Legislature did not intend to include the analysis the appellant suggests.
When the Legislature enacted section 90.803, it balanced the need to admit child hearsay statements against the defendant's constitutional right to confront the witnesses against him and his constitutional due process rights. Townsend v. State , 635 So.2d 949, 954 (Fla. 1994). Even though the Legislature balanced the defendant's rights, admission of the child hearsay statements under section 90.803(23) can still violate a defendant's constitutional rights. A violation of a defendant's constitutional right to confront witnesses can occur if the trial court admits the child's hearsay statements that are testimonial in nature, the child declarant does not testify, and the defendant has not had a prior opportunity to cross-examine the child declarant. Crawford v. Washington , 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Here, the appellant's constitutional right to confront the witnesses against him is not in issue since the child victim testified at trial. Because the appellant admitted during oral arguments that his argument was predicated on statutory construction rather than due process, a constitutional due process challenge is not in issue.
For the reasons stated above, we find that the trial court did not abuse its discretion in admitting the child hearsay statements.
The appellant's second argument is that the trial court erred in denying his motion for judgment of acquittal with regards to the charge of tampering with a victim. The standard of review on a motion for judgment of acquittal is de novo . Smith v. State , 170 So.3d 745, 755 (Fla. 2015). An appellate court will not reverse a conviction that is supported by competent, substantial evidence providing that a rational trier of fact could find the existence of each element of the crime beyond a reasonable doubt. Pagan v. State , 830 So.2d 792, 803 (Fla. 2002).
Florida law defines tampering with a witness, victim, or informant as follows:
(1) A person who knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to:
....
(e) Hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense or a violation of a condition of probation, parole, or release pending a judicial proceeding;
....
(5) For the purposes of this section:
(a) An official proceeding need not be pending or about to be instituted at the time of the offense; and
(b) The testimony or the record, document, or other object need not be admissible *798 in evidence or free of a claim of privilege.
§ 914.22(1)(e) & (5), Fla. Stat. (2014).
The appellant has interpreted this Court's prior case law as requiring the State to prove that a defendant has directly inhibited a person's ability to contact law enforcement. The appellant cited to this Court's opinions in McCray v. State , 171 So.3d 831, 832 (Fla. 1st DCA 2015) ; Thompson v. State , 153 So.3d 996, 997 (Fla. 1st DCA 2015) ; and Longwell v. State , 123 So.3d 1197, 1198 (Fla. 1st DCA 2013). The facts of the cases in Longwell , Thompson , and McCray are very different from the facts in this case.
In Longwell , the victim testified that her cell phone was broken during the confrontation, but she thought that she had dropped it. Longwell , 123 So.3d at 1197. The State presented contrary evidence, which was the victim's written account of the events. Id. In her written statement, the victim stated that the defendant took her phone and smashed it on the ground. Id. There are no additional facts contained in Longwell . The facts of the case are absent in Thompson , but the State argues here and presented evidence that it admitted error in Thompson based on the fact that the victim told the appellant that she was calling her mother when the defendant took her phone. In McCray , the evidence showed that the victim was attempting to use her phones when the defendant broke them. McCray , 171 So.3d at 832. The victim testified that she did not tell the defendant that she was going to call law enforcement or 911. Id. No further evidence was provided in McCray .
Based on the facts of Longwell , Thompson , and McCray , it is apparent that the only evidence the State offered in those cases that tended to support the elements of the tampering crime was that each of the victims' cell phones was broken during the course of other crimes. Since the State offered no further evidence about the defendant's actions in those cases, this Court correctly concluded that in order to substantiate a conviction for tampering, the State needed to show that the victims were attempting to call law enforcement at the time the phones were broken. Any attempt to extrapolate the holdings of Longwell , Thompson , and McCray into a general rule is dicta at best.
Even though the holdings of Longwell , Thompson , and McCray should not be expanded, it has not stopped defendants and other courts from trying. Each of the district courts views the holdings contained in Longwell , Thompson , and McCray to state a general rule that in order to secure a conviction, the State must prove that a victim, witness, or informant was attempting to contact law enforcement during the time of the incident. McCloud v. State , 224 So.3d 842, 845-46 (Fla. 2d DCA 2017) ; Taffe v. State , 232 So.3d 431, 434 (Fla. 4th DCA 2017). The Second and Fourth District Courts have interpreted this Court's case law as expanding the required elements of tampering with a victim to require proof of the victim's intent to contact law enforcement. McCloud , 224 So.3d at 846 ; Taffe , 232 So.3d at 434.
The McCloud and Taffe courts have overlooked that the facts before the Longwell , Thompson , and McCray courts were limited and did not contain the additional or same type of facts that were present in McCloud and Taffe . In McCloud , the victim told the daughter to call for help. McCloud , 224 So.3d at 843. After, the defendant took the cell phone from the daughter's hands while saying, "Are you going to call those people on me? Are you telling my daughter to call those people on me?" Id. at 843-44. With those additional facts, the State would not need to show that the victim was attempting to call law *799 enforcement. Like the McCloud court, the Taffe court also had direct evidence about the defendant's intentions. In Taffe , the defendant admitted that the State presented evidence that he threatened to kill the victim in order to prevent the victim from speaking to police. Taffe , 232 So.3d at 433.
Based on the facts of McCloud and Taffe , the Second and Fourth District Courts could apply the general rule to determine if the State met its burden of proof to support a conviction for tampering with a victim or witness. The general rule is that the State must prove the defendant knowingly took some type of action with the intent to hinder, delay, or prevent the victim from communicating information to law enforcement relating to the commission or possible commission of the offense. § 90.803(23)(1)(e), Fla. Stat. (2014) ; McCray , 224 So.3d at 845-46 ; Taffe , 232 So.3d at 434.
Since the facts of the appellant's case are different from those in McCray , Thompson , and Longwell , this Court is able to apply the general rule. At the appellant's trial, the State submitted evidence that the appellant told the victim "not to tell nobody or he'll come back and he'll hurt [her]." The State's evidence was legally sufficient to show that the appellant knowingly intimidated the child victim to prevent her from reporting the sexual battery to law enforcement. Based on the record, we find that the State presented sufficient evidence to sustain a conviction for tampering with a victim. Accordingly, the trial court did not err in denying the appellant's motion for judgment of acquittal.
AFFIRMED .
Kelsey and M.K. Thomas, JJ., concur.