NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAQUAN ISAIAH WILLIAMS,          )
                                 )
          Appellant,             )
                                 )
v.                               )          Case No. 2D17-666
                                 )
STATE OF FLORIDA,                )
                                 )
          Appellee.              )
_____ )

Opinion filed March 20, 2019.

Appeal from the Circuit Court for Polk
County; William Sites, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

          Jaquan Williams appeals his conviction after a jury trial for the offense of

tampering with a witness.  He contends that there was insufficient evidence to support

the conviction because the State did not prove that the victim was attempting to call 911

when Williams took her phone from her, relying on a line of cases from the First District.[1]  See McCray v. State, 171 So. 3d 831, 832 (Fla. 1st DCA 2015) (holding that evidence was insufficient to support conviction for tampering where "the State presented no evidence to establish that [the victim] was attempting to contact law enforcement during the altercation with [the defendant]"); see also Thompson v. State, 153 So. 3d 996 (Fla. 1st DCA 2015); Longwell v. State, 123 So. 3d 1197 (Fla. 1st DCA 2013).  We affirm based on our decisions in McCloud v. State, 224 So. 3d 842 (Fla. 2d DCA 2017), review granted, No. SC17-2011, 2018 WL 2069363 (Fla. Jan. 25, 2018), and Williams v. State, 246 So. 3d 529 (Fla. 2d DCA 2018).

In McCloud, this court looked to the language of the statute at issue, section 914.22(1)(e), Florida Statutes (2014), which provides that a person commits the crime of tampering when that person "knowingly uses intimidation or physical force, or threatens another person, . . . with intent to cause or induce any person to . . . [h]inder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense."  224 So. 3d at 844-45 (quoting § 914.22(1)(e)).  This court disagreed with the First District's interpretation of the criminal statute in McCray and concluded that the statute focuses on the actions and intention of the defendant and not on the actions of the witness or victim.  McCloud, 224 So. 3d at 845-46; see also Taffe v. State, 232 So. 3d 431 (Fla. 4th DCA 2017) (agreeing with McCloud and disagreeing with McCray).  This court affirmed the defendant's conviction in McCloud because the defendant's statements and actions indicated that he intended to hinder or prevent the witnesses from contacting law

---

[1]He was also convicted of robbery and false imprisonment, but he does not challenge those convictions.

- 2 -

enforcement regarding a crime. 224 So. 3d at 846. This court certified conflict with the First District's interpretation of section 914.22(1)(e) in McCray. McCloud, 224 So. 3d at 847. McCloud is now under review in the supreme court. 2018 WL 2069363.

In Williams, 246 So. 3d at 531, this court reiterated the McCloud holding: "[T]he accused must have the intent to influence a witness's decision to contact law enforcement." The defendant in Williams "asked the victim to promise him that she would not go to the police[,] and he threatened to shoot her if she did so." Id. at 532. This court thus concluded that the defendant "knowingly threatened the victim with the intent to hinder, delay, or prevent her from communicating with law enforcement." Id. The Williams panel noted that the First District's cases are distinguishable because there was no evidence that the defendants in those cases intended to hinder, delay, or prevent the victims or witnesses from contacting law enforcement. Id. at 531-32. Nonetheless, this court certified conflict with McCray "[t]o the extent that McCray holds that in every case of witness tampering, the State must prove that the victim was attempting to contact law enforcement when the accused attempted to intimidate, use physical force, or threaten another person." Id. at 533.[2]

In this case, the victim testified that during the robbery, Williams demanded her phone and said he wanted her phone "because [she] was going to call the police." This evidence showed that Williams intended to prevent the victim from calling the police regarding the robbery and was sufficient to support a conviction for

_____

[2]In Frazier v. State, 250 So. 3d 794, 799 (Fla. 1st DCA 2018), the First District followed McCloud and Taffe and held that the defendant's conviction was supported by sufficient evidence because "the appellant told the victim 'not to tell nobody or he'll come back and he'll hurt [her].' " (Alteration in original.)

- 3 -

tampering.  See Williams, 246 So. 3d at 530, 532; McCloud, 224 So. 3d at 845-46.

Accordingly, we affirm.

Affirmed.


BADALAMENTI and ATKINSON, JJ., Concur.